IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT B. CIARPAGLINI,

                                                                                   ORDER

                 Plaintiff,

                                                                                 07-cv-618-bbc

     v.

KEVIN KALLAS, PAUL SUMNICHT,
MARY GORSKE and BELINDA SCHRUBBE,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In a December 31, 2007 order issued in this case, I sanctioned plaintiff Robert Ciarpaglini for filing dozens of frivolous lawsuits in this court (about 90 since 1995, at least 18 of which were filed in 2007 alone), stating as follows:

> Further, IT IS ORDERED that the clerk of court route directly to chambers without filing any future actions petitioner submits to this court that are not accompanied by the full filing fee so that I may examine them. If I find that petitioner is alleging that he is being denied medical care or that some other condition of his confinement is causing him to suffer the symptoms of his various physical ailments, the complaint will be placed in a miscellaneous file and no action will be taken with respect to it. If petitioner files a complaint alleging imminent danger of serious physical injury concerning a matter other than his medical conditions, I will direct that the complaint be filed. These complaints will be reviewed formally to determine whether plaintiff's allegations of imminent danger are credible and, if they are, whether the complaint states a claim upon which relief may be granted under

1

      28 U.S.C. § 1915(e)(2). However, petitioner is cautioned that even if his complaint survives screening, I will not hesitate to curtail his legal activities further if he does not ultimately prove that he is in imminent danger of serious physical injury.

Dkt. #4.

It appears that plaintiff has taken this sanction to heart: over the past four and one-half years that the sanction has been in place, plaintiff has not flooded this court with complaints to be reviewed, PACER does not show any further federal filings and an examination of the state's circuit court Consolidated Court Automation Programs website shows a relative dearth of filings other than several John Doe criminal proceedings initiated by plaintiff in 2011.

On March 6, 2012, plaintiff submitted a proposed complaint alleging that he has a sensitivity to light, is housed in a segregation unit with 24-hour illumination and is consequently suffering from migraine headaches, blurred vision and other symptoms. This complaint was returned to plaintiff under the December 31, 2007 sanctions order. Now plaintiff has submitted a new complaint setting forth similar claims, as well as a motion seeking relief from the December 31, 2007 sanctions order. In his motion, plaintiff states that his allegations do not fit within the scope of the sanctions order, and in any case he regrets abusing the court system in the past and has regained control over the mental illness that had caused him to act irrationally.

Although I do not agree that plaintiff's current allegations fall outside the scope of the sanctions order (they seem to fall squarely under the language of the order forbidding claims that a "condition of his confinement is causing him to suffer the symptoms of his various physical ailments"), I conclude that it may be appropriate to reconsider the sanctions order now that plaintiff has apparently stopped inundating this or any other court with frivolous litigation. However, I will wait to lift the sanctions and screen plaintiff's complaint. One of the hallmarks of plaintiff's past litigation has been his repeated failure to exhaust his administrative remedies, resulting in significant wasted effort by the court and opposing counsel. (At least 8 of the cases he filed in 2007 were dismissed for failure to exhaust his administrative remedies, including two cases about constant illumination.) Plaintiff states that he has exhausted his administrative remedies with regard to his current claims, but provides no proof.

Accordingly, before considering whether to lift the sanctions against plaintiff, I will require him to submit proof that he has exhausted his administrative remedies, which should be as easy as submitting copies of the administrative grievances and appeals he filed, as well as the responses filed by prison officials. In addition, plaintiff will be given a short time to submit a six-month trust fund account statement (in his current submissions he provides only two weeks worth of financial data) so that his motion to proceed in forma pauperis can be considered should I decide to lift the sanctions.

3

ORDER

IT IS ORDERED that plaintiff Robert Ciarpaglini may have until June 28, 2012 to submit (1) proof that he has exhausted his administrative remedies with regard to the claims contained in his proposed complaint; and (2) a copy of his six-month trust account statement. Should plaintiff fail to submit this information, I will deny his motion for relief from the December 31, 2007 sanctions order issued in this case.

Entered this 7th day of June, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4